IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES RAYMOND,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN DAVID ORTIZ,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-6429 (JBS)<br><br>**OPINION** |

APPEARANCES:

James Raymond, Petitioner pro se
#05258-036
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

  This matter comes before the Court on James Raymond's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1.

  1. Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fort Dix, New Jersey. He was convicted via bench trial in the District of Maine for two violations of the Mann Act, 18 U.S.C. § 2423(a), transporting a person under the age of eighteen in interstate commerce with the intent to engage in criminal sexual activity. Brief in Support at 2 (citing *United States v. Raymond*, 710 F. Supp. 2d 161 (D.

Me. May 7, 2010)). He was sentenced to 144 months incarceration and lifetime supervised release. *Id.* at 2-3.

2. Petitioner appealed to the United States Court of Appeals for the First Circuit, arguing the trial court improperly admitted evidence, improperly restricted cross-examination of the Government's witness, and gave Petitioner a cruel and unusual sentence. *Id.* at 3. The First Circuit affirmed the convictions and sentence. *Id.* (citing *United States v. Raymond*, 697 F.3d 32 (1st Cir. 2012)).

3. Petitioner thereafter filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 raising ineffective assistance of counsel claims. *Id.* The district court denied the motion, and the First Circuit denied a certificate of appealability. *United States v. Raymond*, No. 2:09-CV-144, 2014 WL 806268 (D. Me. Feb. 28, 2014), *certificate of appealability denied,* No. 14-1323 (1st Cir. Oct. 1, 2014).

4. On October 4, 2016, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising actual innocence claims and asserting this Court has jurisdiction based on § 2255(e)'s "savings clause." Brief in Support at 3-4.

5. Petitioner argues he is entitled to relief due to a circuit spilt over the interpretation of 18 U.S.C. § 2423(a)'s "with intent" element. According to Petitioner, the Third

Circuit interprets the "with intent" element to mean "that the outlawed conduct must be 'the dominant motive of such interstate movement,'" whereas the First Circuit only requires that the sexual conduct "was 'at least one of the defendant's motivations for taking the trip in the first place.'" *Id.* at 8 (quoting *Mortensen v. United States*, 322 U.S. 369, 374 (1944); *United States v. Ellis*, 935 F.2d 385, 390 (1st Cir. 1991)).

6.  Petitioner asks the Court to determine that the Government "could not have met the burden of proof for a conviction under § 2423(a) under the Third Circuit's interpretation of that Statute of the time of Petitioner's conviction." *Id.* at 13.

7.  Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

8.  Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also*

3

*McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

9. Petitioner candidly states he is challenging the validity of his conviction in this petition. Petition ¶ 10. "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (per curiam) (quoting 28 U.S.C. § 2255(e)). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

10. Petitioner argues that § 2255 is "'inadequate and ineffective' when 'at the time of conviction settled law of this Circuit . . . established the legality of the conviction.'" Petition ¶ 10(c) (citing *Trenkler v. Pugh*, 83 F. App'x 468, 470 (3d Cir. 2003)).

11. The case cited by Petitioner does not support his contention that § 2255 is inadequate or ineffective. The quoted portion is only one part of the test to determine whether the savings clause applies:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §

> 2255 motion, the substantive law changed such that the
> conduct of which the prisoner was convicted is deemed
> not to be criminal; and (3) the prisoner cannot satisfy
> the gatekeeping provisions of § 2255 because the new
> rule is not one of constitutional law.

*Trenkler*, 83 F. App'x at 470 (internal citation and quotation marks omitted).

12. Here, there has been no post-conviction decision by the Supreme Court making Petitioner's conduct non-criminal. Petitioner essentially argues that he may use § 2241 to vacate his conviction because the First Circuit allegedly interprets § 2423(a) differently than the Third Circuit. Were this the case, prisoners could bypass the requirements of § 2255 and challenge an otherwise valid conviction anytime they happened to be moved to a judicial circuit with a different interpretation than the circuit in which they were convicted. This is not the purpose of the savings clause. Petitioner could have challenged the First Circuit's interpretation of § 2423(a)'s "with intent" element either on direct appeal or in his § 2255 motion. Accordingly, this Court lacks jurisdiction over the petition.

13. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

5

14. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the First Circuit as it does not appear Petitioner can meet the requirements for filing a second or successive § 2255 motion as set forth in § 2255(h). However, this Court's decision to not transfer this case does not prevent Petitioner from seeking leave from the First Circuit, see 28 U.S.C. § 2244(a), should he elect to do so.

15. An appropriate order follows.

**April 20, 2017**             **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                       Chief U.S. District Judge